In the Matter of the Relation of James G. ROBINSON, Plaintiff,

v.

Robert E. WEIR and Willis Porter et al., Defendants.

Civ. 02218.

United States District Court
D. Nebraska.

June 16, 1966.

Wilbur Phillips, Omaha, Neb., for plaintiff.

David Weinberg, Omaha, Neb., for defendant.

Keith Howard, Omaha, Neb., for defendant United States Fidelity and Guaranty Co.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Chief Judge.

This matter comes before the Court on the motion made by the defendant United States Fidelity and Guaranty Company to dismiss the complaint as to itself on the grounds that the complaint fails to state a claim upon which relief can be granted against it. [Filing #32 herein].

This action has been brought pursuant to Section 501[b] of the "Labor-Managing Reporting and Disclosure Act of 1959" Title 29 U.S.C.A. § 501[b].

The question presented to the Court is whether a member who is suing an officer, agent, or representative pursuant to § 501[b] may also join as a defendant and sue the surety which has bonded that officer, agent, or representative in accordance with § 502, Title 29 U.S.C.A. It is the determination of the Court that he may.

Neither the plaintiff nor this defendant has cited any case which has dealt with this particular issue, and the Court has not found any during its own research.

Section 501[b], Title 29 U.S.C.A. provides:

"[b] When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection [a] of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages

or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization."

Section 502[a], Title 29 U.S.C.A. provides that:

"[a] Every officer, agent, shop steward, or other representative or employee of any labor organization * * who handles funds or other property thereof shall be bonded to provide protection against loss by reason of acts of fraud or dishonesty on his part directly or through connivance with others."

Section 502 does not provide as to which party or parties will be entitled to sue on the bond. The regulations dealing with the bonding requirements under § 502, likewise do not discuss the particular issue before this Court, Title 29 C.F.R. §§ 453.1 to 453.26.

It is true that under the bond in issue the plaintiff is not the named insured and may not, therefore, sue the surety for his own benefit. The Court, however, does not agree with defendant's contention that a member may not sue the surety since such a suit is not expressly provided for in § 501[b].

██ The purpose of the act is to protect the rights and interests of employees and the public generally, Title 29 U.S.C.A. § 401[b].

██ Congress intended that the Act should be broadly construed to effectuate its purpose. Johnson v. Nelson, 325 F.2d 646 (8th Cir., 1963).

The purpose of § 501[b] can be found in House Report No. 741 on H.R. 8342 appearing in United States Code Congressional and Administrative News, 86 Cong. 1 Sess. 1959, Vol. 2 p. 2467 which states:

"Section 501[b]: Provides that when the fiduciary duties declares in subsection [a] are alleged to have been violated and the union or its officers upon request of any member refuse or fail within a reasonable time to sue to recover damages or for an accounting or other appropriate relief, the requesting member may sue on behalf of the union for appropriate relief in any Federal district court or State court of competent jurisdiction."

Immediately following the section which provides that a member may sue an officer or representative if the organization fails to do so, is the section which provides that these same officers, and representatives must be bonded if they handle any of the union's funds or property. It is the conclusion of the Court that Congress intended that under § 501 [b] a member should be entitled to sue for complete and appropriate relief, which would include not only suing the officer or representative but also the surety which has bonded that officer or representative. Any other determination would not effectuate the purpose of the Act and would require a multiplicity of suits in order to insure that the members would receive complete and appropriate relief and that they would be properly protected.

██ It is the decision of the Court that under Title 29 U.S.C.A. § 501[b] a member who is suing an officer, agent, shop steward, or other representative may also join as a defendant and sue for the benefit of the organization the surety which has bonded that officer, agent, shop steward, or representative pursuant to § 502 of Title 29 U.S.C.A.

The other questions and issues raised by the defendant are questions of fact and cannot be determined on this motion to dismiss but must await further adjudication. Accordingly

It is ordered that the motion to dismiss made by the defendant United States Fidelity and Guaranty Company should be and it hereby is overruled.